```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/20/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
JOHN SEPA,                                                     :
                                                               :
                           Plaintiff,                          :
                                                               :
              -against-                                        :    19-CV-1658 (VEC)
                                                               :
                                                               :           ORDER
ANDREW SAUL, COMMISSIONER OF                                   :
SOCIAL SECURITY,                                               :
                                                               :
                           Defendant.                          :
                                                               :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      Plaintiff John Sepa brings this action pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-434, seeking review of the denial of his application for disability insurance benefits ("DIB"). *See* Compl., Dkt. 10. The parties cross-moved for judgment on the pleadings. Dkts. 19, 21. On April 16, 2020, Magistrate Judge Fox issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion be denied and that the Commissioner's motion be granted. R&R, Dkt. 25. On May 15, 2020, Plaintiff submitted objections to the R&R. Pl. Obj., Dkt. 28. For the following reasons, the Court ADOPTS the R&R in full. The case is DISMISSED.

## DISCUSSION

      In reviewing final decisions of the Social Security Administration ("SSA"), courts "'conduct a plenary review of the administrative record to determine if there is substantial evidence, considering the record as a whole, to support the Commissioner's decision and if the correct legal standards have been applied.'" *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir.

2014) (quoting *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008)). "'Substantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citation omitted); *see also Wilds v. United Parcel Serv. Inc.,* 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). When specific objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Objections, however, "may not be 'conclusory or general,' and parties may not simply regurgitate the original briefs to the magistrate judge." *Hernandez v. City of New York*, No. 11-CV-6644, 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (internal citation omitted). To the extent that "the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments

set forth in the original petition.") (internal quotations omitted).

Here, Plaintiff reiterates his argument that the Administrative Law Judge ("ALJ") improperly rejected the opinion of Plaintiff's treating physician, Dr. Greene. Pl. Obj. at 7-8. Because Plaintiff's objection is merely "an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition," *Ortiz*, 558 F. Supp. 2d at 451 (internal quotations omitted), the Court reviews Judge Fox's recommendation for clear error. As the R&R explains, the ALJ accorded substantial weight to Dr. Greene's opinion regarding Plaintiff's mental functioning. R&R at 12-13. Specifically, the ALJ expressly relied on Dr. Greene's opinion that Plaintiff had no limitation in understanding and memory, sustained concentration, and social interaction. *Id*. The ALJ also noted that Dr. Greene's opinion was consistent with his contemporaneous treatment notes indicating that Plaintiff's mental condition had improved with psychotherapy and he had become more adept at "regulating his anger and controlling his frustration." Admin. Record, Dkt. 14 at 23, 411, 597; *see also* R&R at 5, 13. Although Plaintiff argues that the ALJ failed to address other aspects of Dr. Greene's report, namely his "recurrent, intrusive, distressing memories triggered by relevant but common stimuli," Pl. Obj. at 9, the ALJ is not required to "reconcile explicitly every conflicting shred of medical testimony."[1] *Fiorello v. Heckler*, 725 F.2d 174, 176 (2d. Cir. 1983). Moreover, Plaintiff's claim that Magistrate Judge Fox "ignored" the contents of Dr. Greene's 2011 report, Pl. Obj. at 7, is unfounded. Judge Fox expressly acknowledged Dr. Greene's opinion from his 2011 report that it would be "impossible for [Plaintiff] to be employed," and rightly rejected it as being an opinion reserved to the

---

[1] Plaintiff argues that Judge Fox improperly applied *Fiorello*. The Court disagrees. Unlike in *Fiorello*, here, the ALJ's decision was not "without substantial support in the record." 725 F.2d at 176. As noted *supra*, the ALJ expressly relied on Dr. Greene's opinion regarding Plaintiff's mental capacity and growing ability to engage in a wide variety of activities. Admin. Record at 22-23; R&R at 12-13.

commissioner. R&R at 12 (citing 20 C.F.R. § 404.1527(d)(1)).

Plaintiff also renews his argument that the ALJ improperly discounted consultative psychologist Dr. Orsini's opinion and mischaracterized the contents of her report. Pl. Obj. at 11; R&R at 10. At the outset, as Judge Fox explained, because Dr. Orsini based her opinion regarding Plaintiff's ability to perform simple tasks primarily on Plaintiff's own complaints and only one examination, the ALJ rightly accorded her opinion limited weight.[2] Moreover, although the Court finds that the ALJ likely mischaracterized a sentence in Dr. Orsini's report, the Court agrees with Judge Fox's conclusion that the erroneous finding was harmless. Dr. Orsini's report stated that Plaintiff "reports formally being very active as a coach and skiing." Admin. Record at 429. Although Dr. Orsini likely intended to write "formerly" rather than "formally," the ALJ concluded that Plaintiff was still able to engage in physical activities such as skiing and coaching baseball. *Id*. at 210-11. As Magistrate Judge Fox notes, however, although Plaintiff is no longer able to ski or coach, he does engage in substantial other physical activities such as driving, walking, attending concerts and football games, traveling, shopping, socializing, preparing meals, and using the computer. *See* R&R at 6; Admin. Record at 23. Thus, in light of the other evidence regarding Plaintiff's physical activities, the ALJ's mischaracterization of Dr. Orsini's report was harmless.[3]

---

[2] Plaintiff cites to *Green-Younger v. Barnhart*, 335 F.3d 99, 107 (2d Cir. 2003) to support his argument that "consideration of a claimant's subjective complaints is an essential diagnostic tool." The doctor's opinion in *Green-Younger*, however, was based not only on the claimant's own complaints but also on "numerous physical examinations and diagnostic procedures" over the course of three years of care. Here, Dr. Orsini examined Plaintiff only once.

[3] Magistrate Judge Fox rejected Plaintiff's argument that the ALJ failed to acknowledge the word "formerly" in Dr. Orsini's report on the grounds that "no such word appears in Dr. Orsini's statement." R&R at 14. As such, Judge Fox held that the ALJ made no error in reading or relying on Dr. Orsini's report. *Id*. The Court does not take such a literal approach and declines to adopt this reasoning. It is clear that, when read as a whole, Dr. Orsini's report intended to conclude that Plaintiff was *formerly* able to ski and coach baseball. Nevertheless, the Court

Lastly, Plaintiff argues that the ALJ mischaracterized Dr. Belsky's opinion of Plaintiff's "moderate" limitations as "mild" limitations. R&R at 11-12. Magistrate Judge Fox addressed and rejected this precise argument. R&R at 14. Because Plaintiff's objection "simply regurgitate[s] the original briefs to the magistrate judge," *Hernandez*, 2015 WL 321830, at *2 (internal citation omitted), the Court reviews Judge Fox's conclusions for clear error. Careful review of Magistrate Judge Fox's reasoning reveals that there is no clear error in its conclusion.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is DENIED. Defendant's motion for judgment on the pleadings is GRANTED.

The Clerk of Court is respectfully directed to terminate all open motions and close this case.

**SO ORDERED.**

**Date:  July 20, 2020**
       **New York, NY**

_____
**VALERIE CAPRONI**
**United States District Judge**

---

agrees that, in light of the other evidence in the record, the ALJ's mischaracterization was harmless.